(No. 2331—

EVERT POFF, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 13, 1935.*

GERALD G. GINNAVEN, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Claimant and the Attorney General have stipulated the following facts in this case, to wit:

"That Evert Poff resides at 901 North Third Street, Springfield, Sangamon County, Illinois. That on the 21st day of February, A. D. 1931, that the said Evert Poff was a private in the machine gun troop of the 106th Cavalry, Illinois National Guard, and was then and there under orders of his superior officer of said National Guard attending a drill at the State Fair Grounds north of the City of Springfield, Illinois, and during said drill was riding a cavalry horse and while in the line of duty his horse stumbled, slipped or fell, pinning and crushing his right foot under the body of said horse; that as a direct result thereof the said Evert Poff was injured, in and about his foot and leg; that pursuant to orders he was sent to Dr. G. B. Lutyens for medical attention and later after receiving three months' treatments from said physician was treated by Dr. Percy Taylor for a period of two months; that later under direction of his superior officer said Evert Poff was sent to Dr. J. I. Ford, for treatment; and later under the direction of his superior officer was examined and treated by Dr. G. D. Lockie; that on November 10th, A. D. 1931, said claimant was ordered to Hines Hospital at Chicago, for examination by the State Medical Board; that on December, A. D. 1931, said claimant was ordered to St. John's Hospital, Springfield, Illinois, his right foot placed in a plaster cast for a period of two weeks; that said claimant received further medical treatment from Dr. G. D. Lockie, in August, 1933, and was later sent to Illinois Research Hospital in Chicago for examination and treatment where he remained for a period of nine days; later under direction of his superior officer he was sent to Dr. J. I. Ford, who made an arch support and brace for said right foot which claimant is now wearing. It is further stipulated that said claimant was paid by the State of Illinois the sum of Sixty Dollars ($60.00) per month from the 21st day of February, A. D. 1931, to the 21st day of October, A. D. 1931."

It is further stipulated "that the only questions in dispute are the nature and extent of the disability, if any, or if his present condition and disability was aggravated by the injury and if claimant has a permanent disability, what amount should be allowed as just compensation for said disability."

If claimant is entitled to an award, it must be based upon Section Eleven (11) of Article Sixteen (16) of the Military and Naval Code of this State, which provides as follows:

"In every case where an officer or enlisted man of the National Guard or Naval Reserve shall be injured, wounded or killed while performing his duty as an officer or enlisted man in pursuance of orders from the Commander-in-Chief, said officer or enlisted man or his heirs or dependents, shall have a claim against the State for financial help or assistance, and the State Court of Claims shall act on and adjust the same as the merits of each case may demand. Pending action of the Court of Claims the Commander-in-Chief is authorized to relieve emergency needs upon recommendation of a board of three officers, one of whom shall be an officer of the medical department."

The Medical Examining Board which examined claimant at Hines Hospital on November 10, 1931 found that trauma

was the initial cause of claimant's condition; that such condition was complicated by a secondary infectious process of the Achilles tendon to a moderate degree; that claimant's throat showed evidence of infected tonsils, and recommended that such tonsils be removed for the purpose of attempting to eliminate the cause of infection;—which recommendations were thereafter complied with, as appears from the stipulation.

It appears from the evidence that the original injury was not in itself serious but an arthritic condition developed thereafter, which arthritis was superinduced by the injury.

In July, 1931 Dr. Ford of Springfield, at the request of the Adjutant General's office, prepared an arch support for claimant's foot, which he wore until December, 1933, at which time Dr. Ford made another arch support which claimant was still wearing at the time of the hearing herein. Until the time the first arch support was made for claimant, he used crutches all the time.

Claimant attended the drills of his Company during the time he was laid up and went to Taylorville with the Company in February, 1932, remaining there for twenty-nine days. He also went to Harrisburg with the Company in 1933 and remained there for two weeks. He was given the usual pay allowance, and was given work which would not require him to do any walking.

Claimant still complains of pain in his foot, shooting up his leg; also claims that such pain interferes with his sleep; that after sleeping three or four hours, the pain becomes so severe that he has to get up and rest the muscles of his leg before he can go back to bed.

The extent of claimant's injury is not entirely clear. His counsel suggests that the $420.00 service pay which he received since the date of his injury be considered as temporary total compensation and that in addition thereto, claimant should receive compensation under the terms and provisions of the Workmen's Compensation Act for loss of fifty per cent of the use of his right leg and loss of eighty per cent of the use of his right foot.

There is evidence to the effect that claimant sustained a loss of fifty per cent of the use of his right leg and the

Attorney General concedes that if claimant is entitled to an award, the disability to the right leg is fifty per cent.

Section 10 of the Military and Naval Code provides for one-half active service pay to enlisted men who may be wounded or disabled while on duty, and under the provisions of such section claimant received the sum of $420.00. Section 11 provides for financial help or assistance in case an officer or enlisted man is wounded or killed while performing his duty, and further provides that "the State Court of Claims shall act on and adjust the same as the merits of each case may demand." The amount to be awarded to any officer or enlisted man under Section 11 is left entirely to the discretion of the Court of Claims and no limitation is placed upon their action except that the amount of the award shall be "as the merits of each case may demand."

So far as the temporary disability is concerned, we are disposed to accede to the suggestion of counsel for claimant to the effect that the service pay received by claimant be considered as compensation for such disability.

In cases involving what is known in the Workmen's Compensation Act as a "specific loss", this court has in several cases made an award in accordance with the terms and provisions of the Workmen's Compensation Act, and it appears to the court that in this case an award based upon the terms and provisions of the Workmen's Compensation Act would be such as the merits of the case demand.

However, under the evidence an award cannot be made for the loss of a portion of the use of the right leg and also for the loss of a portion of the use of the right foot, as there was but one injury, and compensation for the loss of the use of the leg includes the foot. Applying the provisions of the Workmen's Compensation Act, claimant is entitled to an award for the loss of fifty per cent of the use of his right leg; that is to say, he is entitled to compensation at the rate of Fifteen Dollars ($15.00) per week for ninety-five (95) weeks, making a total of Fourteen Hundred Ninety-five Dollars ($1,495.00).

Award is therefore entered in favor of the claimant for the sum of Fourteen Hundred Ninety-five Dollars ($1,495.00).